SUPREME COURT OF ARIZONA

| | |
|---|---|
| SHARON CRAIN-HODGE, | ) Arizona Supreme Court |
| | ) No. CV-22-0105-AP/EL |
| Plaintiff/Appellee, | ) |
| | ) Maricopa County |
| v. | ) Superior Court |
| | ) No. CV2022-004836 |
| SHARNAI FISHER, et al., | ) |
| | ) |
| Defendants/Appellants. | ) |
| | ) |
| _____ | ) **FILED 05/06/2022** |

**DECISION ORDER**

The Court, by a panel consisting of Vice Chief Justice Timmer, Justice Bolick, Justice Lopez and Justice Beene, has considered the briefs of the parties, the superior court's minute entry judgment, and the relevant statutes and case law in this expedited election matter.

Candidate/Appellant Sharnai Fisher is running for a seat on the Goodyear City Council in the primary election scheduled for August 2, 2022. Appellee Sharon Crain-Hodge filed an action challenging Appellant's nominating petitions for lack of valid signatures. Appellant moved to dismiss the action, arguing Appellee had failed to comply with the service of process requirements set forth in A.R.S. § 16-351(D). The superior court denied the motion to dismiss, finding that the Goodyear

City Clerk's Office had the authority to accept service of process on behalf of Appellant, including waiving any defects in service or entering a voluntary appearance in court obviating the need for formal service.

On April 27, 2022, the parties stipulated that Appellant did not submit enough signatures to qualify for the ballot.

Appellant timely appealed, raising only the service issue before this Court.

After consideration, the Court agrees with the superior court that the Goodyear City Clerk's Office had authority to accept service of process on behalf of Appellant and waived any defects in service by voluntarily appearing in court. *See* Ariz. R. Civ. P. 4(f)(3)-(4); *see also Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978) ("It is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process."). Similarly, Appellant generally appeared by participating in the status conference and indicating her intention to withdraw from the election, thereby waiving any defects in service of process. *See Montano*, 119 Ariz. at 452.

Therefore,

**IT IS ORDERED** affirming the superior court's judgment filed

April 27, 2022.

DATED this 6TH day of May, 2022.

_____/S/_____
ANN A. SCOTT TIMMER
Vice Chief Justice

TO:
David L Erlichman
Timothy A LaSota
Angela Lane
Karen J Hartman-Tellez
Joseph Branco
Joseph Eugene La Rue
Roric V Massey
Hon Sally Schneider Duncan
Hon Jeff Fine
Alberto Rodriguez
Alicia Moffatt